1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL AGER, ET AL. | Case No.: 11-CV-6642 EJD |
| Plaintiffs, | **ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ANTHONY HEDGPETH, ET AL., | |
| Defendants. | |

Before this court is Defendant Anthony Hedgpath, Defendant B. Hedrick, and Defendant D. Spencer's motion to dismiss Plaintiff Daniel Ager, Plaintiff Kathryn Ager, and Plaintiff Elizabeth Ager's Complaint. For the reasons stated below, Defendants' motion is GRANTED IN PART with leave to amend and DENIED IN PART.

## I. BACKGROUND

Plaintiffs in this case are the children and sole surviving heirs of Alan Ager ("Ager"), who was sentenced on January 16, 2008, to 16 years in state prison for violation of Cal. Penal Code § 288.5, continuous sexual abuse of a child under 14 years of age. Compl. ¶ 9. Ager was transferred from Marin County Jail to San Quentin State Prison on January 29, 2008. Id. ¶ 10. Ager was at the

time 60 years of age and 5'4" tall, weighing 135 lbs. Id. Upon transfer, he requested special

housing because he feared assault by other inmates. Id. Plaintiffs allege, as a matter of "common

knowledge," that inmates convicted of sexual abuse of minors are routinely segregated and given

special housing for their safety, and that Defendants knew such offenders are vulnerable to attack

by other inmates. Id. ¶ 11.

In September 2008, Ager was transferred to Salinas Valley State Prison. Id. ¶ 12. While in

Salinas Valley State Prison, Ager filed numerous complaints and appeals regarding the treatment

he received, alleging that prison staff revealed his conviction to other prisoners, failed to provide

adequate medical care, threatened and assaulted him, and denied his request to be housed in a

single cell for his safety. Id. On April 29, 2009, a correctional officer who had received one of

Ager's complaints claimed Ager was resisting an escort and "guided" him to the ground. Id. ¶ 13.

This incident resulted in a broken nose and face lacerations. Id. The broken nose was not treated

until July 2009, when Ager was transferred to a local hospital and the fracture was diagnosed. Id. ¶

14. Ager was assaulted at least four times during the last year of his life, by three different

prisoners, including his cell mate, and by one staff member. Id. ¶ 15.

At some time prior to April 6, 2010, Ager was placed in a cell with inmate Beaver. Id. ¶ 16.

Plaintiffs allege that inmate Beaver had a history of violence, that Acting Chief Warden B. Hedrick

("Hedrick") participated in the cell assignment, and that Warden Anthony Hedgpeth ("Hedgpeth")

acquiesced in the assignment. Id. ¶¶ 16, 18. At about 2:20 a.m. on April 6, 2010, Correctional

Officer D. Spencer, who was assigned to monitor Ager's unit, discovered Beaver trying to cover

Ager with a mattress. Id. ¶ 19. Ager was motionless with blood trickling from his mouth, a ligature

tied tightly around his neck. Id. ¶¶ 19, 20. He was moved to Salinas Valley Medical Hospital. Id. ¶

21. He did not regain consciousness. Id. ¶ 22. On April 16, he was removed from a ventilator and

passed away. Id. The cause of death was determined to be Ischemic-Anoxic Encephalopathy due to

Ligature Strangulation. Id.

Plaintiffs filed this action in this court on December 23, 2011. Compl. Plaintiffs pleaded

three causes of action, all based on 42 U.S.C. § 1983: (1) that Defendants' actions formed a pattern

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS

**United States District Court**
For the Northern District of California

1  of retaliation against Ager for complaints he made while in prison that were protected by the First

2  Amendment; (2) that Defendants showed deliberate indifference to the risks Ager faced in prison,

3  causing his death; and (3) that Defendants' actions deprived Plaintiffs of the familial relationship

4  with their father in violation of the First and Fourteenth Amendments. The first and second claims

5  are survival actions; the Plaintiffs assert them as Ager's successors in interest. Defendants filed the

6  present motion to dismiss on April 11, 2012. Docket No. 17.

7  ## II. LEGAL STANDARD

8  On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed

9  in the light most favorable to the non-moving party, and all material allegations in the complaint

10  are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P.

11  12(b)(6)). This rule does not apply to legal conclusions—"[t]hreadbare recitals of the elements of a

12  cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft

13  v. Iqbal, 556 U.S. 662, 663 (2009). While a complaint does not need detailed factual allegations to

14  survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief.

15  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege

16  sufficient factual allegations "to raise a right to relief above the speculative level." Id. This

17  threshold is reached when the complaint contains sufficient facts to allow the court to draw a

18  reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

19  ## III. DISCUSSION

20  Defendants seek dismissal of the Complaint on the grounds that (1) Plaintiffs fail to state

21  whether they are suing Defendants in their individual or their official capacity; (2) Plaintiffs lack

22  standing to bring the First Amendment retaliation and deliberate indifference claims; (3) the

23  Complaint does not allege facts sufficient to support a claim against Hedgpeth[1] in his supervisorial

24  capacity; (4) the First Amendment claim does not allege a sufficient nexus between Ager's

25  protected activity and Defendants' conduct; and (5) the Fourteenth Amendment does not permit

26  Plaintiffs' claims.

27  ---

[1] Counsel has spelled Hedgpeth's named a variety of ways. For this order, the court adopts the
28  spelling used by Defendants' counsel.

3

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS

**A.  Eleventh Amendment Bar on Claims for Damages Against Government Officials Acting in Their Official Capacity**

Defendants note, and Plaintiffs concede, that the Complaint fails to specify whether Defendants are being sued in their individual or their official capacity. Mot. Dismiss at 16; Opp'n Mot. Dismiss at 12. A suit against state officials acting in their official capacity is treated as a suit against the state. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment provides immunity to states from suits in federal court by private persons for damages, unless the state has waived its sovereign immunity and consented to suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978); U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizen of another State, or by Citizens or Subjects of any foreign state.").

Here, Plaintiffs concede that the Complaint fails to state in what capacity the Defendants are being sued. In opposition to the motion to dismiss, Plaintiffs argue that they seek relief from Defendants in their individual, not their official, capacities. "If state officials are named in complaint which seeks damages under § 1983, it is presumed for Eleventh Amendment purposes that officials are being sued in their individual capacities." Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994). The court presumes that Defendants are being sued in their individual capacities and the claims therefore are not barred by the Eleventh Amendment.

Accordingly, Defendants' motion to dismiss all claims in the Complaint on this basis is DENIED.

**B.  Plaintiffs' Standing to Bring Claims for Retaliation and Deliberate Indifference**

In California, with certain exceptions and limitations, causes of action survive death. Cal. Civ. Proc. Code § 377.20. At issue in the present case is whether Plaintiffs have complied with the requirement to file a declaration or affidavit containing certain information and a certified copy of the decedent's death certificate.[2] Plaintiffs did not submit the required declaration when they filed

---

[2] Section 377.32 states in relevant part:

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

the Complaint. After Defendants noted the omission in their motion to dismiss, Plaintiffs filed a declaration. Mot. Dismiss at 7-8; Decl. Succs. Interest, Docket No. 22. The declaration lacked a death certificate and a statement that no other person has a superior right to file the instant claims. Id. at 1-2.; see Civ. Proc. §§ 337.32(a)(6), (c). On May 8, 2012, Plaintiffs supplemented the declaration with a death certificate. Suppl. Decl. Succs. Interest, Docket No. 23. After Defendants noted that the declaration still lacked one required statement, Plaintiffs further amended the declaration. Reply Opp'n. Mot. Dismiss at 3:8-11, Docket No. 26; Am. Suppl. Decl. Succs. Interest ¶ 5, Docket No. 27.

The result is that the amended declaration now complies with statute. The question is therefore whether Plaintiffs' earlier failure to meet the requirements of Section 377.32 is fatal to the claims on which their standing as successors in interest depends. Defendants cite orders in which courts dismissed survival actions for failure to fully comply with section 377.32. Riggi v. City of Placerville, No. 2:11-cv-00753-MCE-DAD, 2011 U.S. Dist. LEXIS 41260, at *3 (E.D. Cal. Apr. 15, 2011) (dismissing without prejudice); Smith-Downs v. City of Stockton, No. 2:10-cv-02495-MCE-GGH, 2011 U.S. Dist. LEXIS 61918, at *4 (E.D. Cal. June 9, 2011) (dismissing with leave to amend even after plaintiffs had twice been ordered, and had twice failed, to comply). These courts, however, also granted plaintiffs leave to amend. Here, Plaintiffs are already in full compliance with the statute. Consequently, Defendants' motion to dismiss the first two causes of action on this basis is DENIED.

## C. Hedgpeth's Liability as a Supervisor

Hedgpeth asks the court to dismiss all claims against him on the grounds that Plaintiffs fail to state sufficient facts to establish his liability as a supervisor. Mot. Dismiss at 9-11. Plaintiffs

---

"(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
. . .
(6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.'
. . .
(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration."

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS

1    argue that they sufficiently alleged that (1) Hedgpeth acquiesced in the face of an obvious risk to

2    Ager's safety by allowing him to be celled with Beaver, and (2) Hedgpeth's failure to train,

3    supervise, and control subordinates caused Defendants to act with deliberate indifference when

4    they assigned Ager to Beaver's cell. Opp'n Mot. Dismiss at 6-9.

5         The parties agree that there is no vicarious liability under § 1983 that would make a

6    supervisor automatically liable for a subordinate's actions. Mot. Dismiss at 9; Opp'n at 5-6; see

7    Hydrick v. Hunter, 669 F.3d 937, 940 (9th Cir. 2012). A supervisor, however, may be liable for his

8    "own culpable action or inaction in the training, supervision, or control of his subordinates, his

9    acquiescence in the constitutional deprivations of which the complaint is made, or conduct that

10   showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202,

11   1205-1206 (9th Cir. 2011) (internal quotation marks and citation omitted). To be liable for a failure

12   to prevent harm, a prison official "must both be aware of facts from which the inference could be

13   drawn that a substantial risk of serious harm exists, and must also draw the inference." Mooring v.

14   S.F. Sheriff's Dep't, 289 F. Supp. 2d 1110, 1116 (N.D. Cal. 2003) (citing Farmer v. Brennan, 511

15   U.S. 825, 833-834 (1994)).

16        Here, the Complaint alleges that "Warden Hedgpeth caused the death of Dr. Ager for his

17   action and inaction in the training, supervision, and control of his subordinates, for his

18   acquiescence in the cell assignment of Dr. Ager, and for conduct that showed a reckless and callous

19   indifference to the rights of others." Compl. ¶ 18. In support of this conclusory allegation, the

20   Complaint alleges that Hedpeth was responsible for providing for the safety of inmates and staff

21   and for the training and supervision of staff. Id. The Complaint also alleges that "[D]efendants

22   knew that inmates with certain convictions, such as sexual abuse of a minor, are vulnerable to be

23   attacked and killed by other inmates." Compl. ¶ 11.

24        In opposition to this motion to dismiss, Plaintiffs argue many facts that are not alleged in

25   the Complaint. For example, Plaintiffs claim that (1) Defendants knew Ager was a child molester,

26   (2) because of Ager's conviction, age, and size he was vulnerable to being attacked or killed by

27   other inmates, (3) as of December 11, 2009, Ager had been attacked by three different inmates, one

28

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS

1  of whom was a cellmate, (4) Defendants knew that Beaver had a history violence (he was a

2  convicted murderer serving a sentence of life without the possibility of parole), and (5) despite the

3  obvious risk Beaver posed to Ager's safety, Defendants double-celled Ager with Beaver or failed

4  to protect Ager from that risk by removing him from the cell or adequately monitoring it. Opp'n

5  Mot. Dismiss at 7. Although the Complaint alleges these underlying facts, the Complaint does not

6  allege Hedgpeth's knowledge of these facts. Compl. ¶¶ 9-11, 15-16, 18. Thus, the Complaint does

7  not allege sufficient facts to show that Hedgpeth failed to adequately train, supervise, or control the

8  officers who made the decision to cell Ager with Beaver or that he acquiesced to the cell

9  assignment. Thus, Defendants' motion to dismiss the claims against Hedgpeth on this basis is

10  GRANTED with leave to amend.

11  **D. First Amendment Retaliation Cause of Action**

12          Defendants argue that the Complaint fails to plead facts showing a causal connection

13  between Ager's exercise of his First Amendment right of free speech and any adverse action

14  against Ager by Defendants. Mot. Dismiss at 11-13. Such a causal connection is a required element

15  of a retaliation claim in the prison context. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

16  2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic

17  elements: (1) an assertion that a state actor took some adverse action against an inmate; (2) because

18  of; (3) that inmate's protected conduct; (4) that such action chilled the inmate's exercise of his First

19  Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.").

20          Specifically, Defendants argue that Plaintiffs fail to establish a temporal connection

21  between the protected activity and the alleged retaliatory conduct that resulted in Ager's death

22  because Plaintiffs do not state when the grievances were filed, id. at 12-13, and that it cannot

23  plausibly be inferred that Defendants were aware of the grievances because none of Ager's

24  grievances were directed to or concerned any named Defendant, id. at 13. Plaintiffs argue that the

25  "escalating mistreatment" of Ager, Ager's repeated complaints, and the decision to house Ager

26  with Beaver allow a reasonable inference that Defendants denied Ager protection because of his

27  complaints. Opp'n Mot. Dismiss at 10. Although the Complaint alleges Ager was attacked by both

28

United States District Court
For the Northern District of California

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS

inmates and prison staff, it does not allege that these attacks or other mistreatment escalated soon after complaints were filed or otherwise show how the timing of the attacks related to Ager's complaints. Compl. ¶¶ 12-16 (listing several topics of complaints filed by Ager; two attacks on Ager; an incident in which Ager was injured by a guard; an allegation that Ager was the victim of "at least four assaults" in the last year of his life; an allegation of delayed medical care; and the decision to double-cell Ager with inmate Beaver). Defendants therefore are correct that the Complaint fails to establish a temporal connection between Ager's complaints and his mistreatment. Furthermore, as Defendants note, Plaintiffs do not allege facts showing Defendants knew about Ager's protected speech. Mot. Dismiss at 13. Because Ager has not pleaded facts demonstrating that Defendants took an adverse action against Ager *because of* Ager's protected conduct, Ager has not pleaded a plausible claim for retaliation. For these reasons, the motion to dismiss the First Amendment retaliation claim is GRANTED with leave to amend.

**E. Deliberate Indifference Cause of Action**

As to the claim of deliberate indifference, Defendants fault the Complaint for failing to allege whether relief is being sought under the Eighth Amendment prohibition on cruel and unusual punishment or the Fourteenth Amendment guarantee of due process. Mot. Dismiss at 14; Reply Opp'n Mot. Dismiss at 10-11. The court agrees that the Complaint is deficient in this regard.

Section 1983 does not confer substantive rights, but only provides an avenue by which plaintiffs may seek relief for the deprivation of rights conferred elsewhere in federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989). The plain language of the statute necessitates that Plaintiffs name the federal right of which they were deprived. Gomez v. Toledo, 446 U.S. 635, 640 (1980) ("By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law."); Shakespeare v. Wilson, 40 F.R.D. 500, 503-04 (S.D. Cal. 1966) (requiring that a § 1983 claim "set forth with some specificity . . . the nature of the Constitutional rights involved") . See also Federal Judicial Center, Section 1983

**United States District Court**
For the Northern District of California

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1  Litigation 6 (Martin A. Schwartz and Kathryn R. Urbonya, eds., 2d ed. 2008) ("The plaintiff must

2  establish . . . a deprivation of a federally protected right"). Plaintiffs, for the first time in the

3  parties' Joint Case Management Statement, state that they are seeking relief under both the Eighth

4  and the Fourteenth Amendments. Docket No. 11 at 5. Because the Complaint does not specify the

5  source of the right Plaintiffs are seeking to vindicate, Defendants' motion to dismiss the deliberate

6  indifference claim on this basis is GRANTED with leave to amend. Plaintiffs may amend the

7  Complaint in order to state a case under the specific constitutional provision or provisions they

8  believe were violated.

9  ## V. CONCLUSION

10  Defendants' motion to dismiss is GRANTED as to the First Amendment retaliation claim,

11  the deliberate indifference claim, and the claims against Defendant Hedgpeth. Defendants' motion

12  is DENIED as to Plaintiffs' deprivation of familial relationship claim against Hedrick and Spencer.

13  Plaintiffs are given leave to amend the Complaint in order to correct the infirmities described

14  above. Any amended complaint must be filed within thirty days of the date this order is issued.

15  **IT IS SO ORDERED.**

16  Dated: August 24, 2012

17  

18  EDWARD J. DAVILA
United States District Judge

19

Case No.: 5:11-CV-6642 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS

9