United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL AGER, ET AL., | ) Case No.: 5:11-CV-6642-EJD |
| Plaintiffs, | ) **ORDER GRANTING DEFENDANTS'** |
| v. | ) **MOTION TO STRIKE PLAINTIFFS'** |
| ANTHONY HEDGPETH, ET AL., | ) **SECOND AMENDED COMPLAINT** |
| Defendants. | ) **[Re: Docket No. 38]** |

Presently before the court is Defendants Anthony Hedgepath, Belinda Hendrick, and D. Spencers' (collectively, "Defendants") Motion to Strike Plaintiffs Daniel Ager, Elizabeth Ager, and Kathryn Ager's (collectively, "Plaintiffs") Second Amended Complaint. The court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Having fully reviewed the parties' briefing, and for the foregoing reasons, the court GRANTS Defendants' Motion

**I. BACKGROUND**

Plaintiffs filed this lawsuit pursuing claims arising under 42 U.S.C. § 1983 on behalf of themselves and their deceased father Dr. Alan Ager. Dkt. No. 1. Plaintiffs' complaint alleges that

1
Case No.: 5:11-CV-6642-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND
AMENDED COMPLAINT

Defendants violated Plaintiffs' rights when they failed to take reasonable steps to protect Dr. Ager from an obvious risk of attack from his cellmate and Dr. Ager was ultimately strangled to death by this cellmate. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17. The court granted-in-part and denied-in-part Defendants' motion to dismiss on August 24, 2012 and granted leave to amend the complaint within the next thirty days to correct the infirmities the court had identified. Dkt. No. 32. That same day, the court issued its Case Management Order, which included an order "that the deadline for joinder of any additional parties, or other amendments to the pleadings, is October 30, 2012." Dkt. No. 33. Plaintiffs filed a First Amended Complaint on September 24, 2012, adding defendants Arlene Solis, Robert Burgh, Benjamin Bloch, D. Garcia, Antonella Aluzri, and J. Martin. Dkt. No. 35. Less than two weeks later, on October 5, 2012, Plaintiffs filed a Second Amended Complaint adding Carl Warfield as an additional defendant. Dkt. No. 37.

**II. DISCUSSION**

Plaintiffs argue that they understood the court's Case Management Order as the court's granting them leave to join additional parties and further amend their pleadings. This interpretation of the court's Order is incorrect. The Case Management Order sets the schedule for an individual case but the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and this court's Standing Orders establish the rules by which any litigation in this court must proceed. Put simply, the Case Management Order governs <u>when</u> certain steps in the litigation should occur, but the constellation of rules set forth above set forth <u>how</u> the litigation should proceed.

When the time to amend a pleading as of course has passed, Federal Rule of Civil Procedure 15(a)(2) requires a party to obtain written consent from the opposing party or leave of court to file an amended pleading. Here, Plaintiffs' amendment as of course period ended twenty-one days after Defendants served their Motion to Dismiss, <u>i.e.</u>, May 2, 2012. The court's Case Management Order then set the deadline for seeking any amendment of pleadings as October 20, 2012. Dkt. No. 33. Setting this deadline did not displace Rule 15(a)(2)'s requirement that a party

2

Case No.: 5:11-CV-6642-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

obtain consent of the opposing party or leave of the court before filing any amendment, and it was incumbent upon Plaintiffs to abide by this rule.

In requiring adherence to Rule 15, the court is doing more than enforcing a mere technicality. Rule 15 exists to give the parties and the court notice of what an amended pleading may contain, and allow the court to consider whether allowing the amendment would be in the interest of justice. Particularly, the court must consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, is futile, or would create an undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). Were the court to permit circumvention of Rule 15, these important factors would not be considered and the risk of harm to the opposing party would be great.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike. The court notes that the deadline for Plaintiffs to seek leave of court to amend their complaint under Rule 15 is well past. Thus, should Plaintiffs wish to amend their pleadings, they must seek leave to do so under Rule 16.

**IT IS SO ORDERED**

Dated: January 31, 2013

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-6642-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT