UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL AGER, individually and as a Successor in Interest to the ESTATE OF ALAN AGER, KATHRYN AGER, and ELIZABETH AGER<br><br>Plaintiffss,<br><br>v.<br><br>ANTHONY HEDGEPATH, et al,<br><br>Defendants. | Case No.: 11-cv-6642-EJD (PSG)<br><br>**ORDER RE MOTION TO COMPEL AND OUTSTANDING DISCOVERY DISPUTES**<br><br>**(Re: Docket No. 57, 64, 70, 71)** |

On December 18, 2012, Plaintiffs Daniel Ager, et al ("Plaintiffs") and Defendants Anthony Hedgepath, et al ("Defendants") appeared at a hearing before the court regarding disputes over depositions and production of documents.[1] At the hearing, the court ordered Defendants to produce the witnesses Plaintiffs sought to depose and ordered the parties to meet and confer and provide to the court a letter brief detailing the substance of the dispute.[2]

On December 28, 2012, the parties submitted a letter consisting of nine requests for production of documents that were in dispute.[3] The court set a hearing on February 5, 2013 for

---

[1] *See* Docket No. 63.

[2] *See id.*

[3] *See* Docket No. 64.

Case No.: 11-6642 EJD (PSG)
ORDER

1

those nine disputes.[4] The court continued the hearing at the parties' request to February 12, 2013.[5] On February 8, 2013, Plaintiffs submitted a status report certifying the discovery disputes to be heard at the February 12 hearing,[6] and on February 11, 2013, Defendants submitted their response to the status report.[7] On February 12, 2013, the parties appeared for a hearing on the various discovery disputes.

Based on the parties' latest submissions to the court, five discovery disputes remain.[8] The parties are familiar with the underlying case and the dispute here, and so the court provides only its decision and a summary of its reasoning.

**A. Documents Relating to Interrogatory I and Lt. Warfield's Deposition Testimony**

Plaintiffs seek supplemental responses from Defendant Belinda Hedrick's ("Hedrick") response to Interrogatory I, which asked, "Who approved double celling inmate Beaver [] with inmate Ager?" Hedrick responded that Lt. Warfield ("Warfield"), who was the on-duty supervisor at thtat time, signed the form transferring inmate Beaver to the same cell where inmate Alan Ager ("Ager") was housed, and was subsequently killed by Beaver.[9] In his deposition, Warfield indicated that he would not have approved the double celling arrangement and in fact did not approve the arrangement. Plaintiffs seek to have Hedrick supplement her response and to depose further Hedrick and Warfield. Defendants assert that Hedrick's response was correct and oppose the request for further deposition as untimely.[10]

---

[4] *See* Docket No. 65.

[5] *See* Docket No. 67.

[6] *See* Docket No. 70.

[7] *See* Docket No. 71.

[8] *See* Docket Nos. 70, 71.

[9] *See* Docket No. 70.

2

Case No.: 11-6642 EJD (PSG)
ORDER

The court agrees with Plaintiffs. Although signed the form, he disavowed making the actual decision to double cell Beaver and Ager. Plaintiffs are entitled to an answer as to who made the decision, not just who signed the form approving the transfer. Defendants shall make all reasonable investigation as to who made the decision, including interviewing all individuals who might have made the decision or might know the identities of those who did.

### B. Incident Package and Internal Affairs Investigation Report Relating to the April 28, 2009 Assault/Use of Force by Officer Mejia on Ager

Plaintiffs next seek discovery of an incident package regarding an "assault/use of force" incident between Ager and Officer Mejia. Defendants have agreed to produce the incident package and have represented to the court that they have already mailed the incident package to Plaintiffs.

Plaintiffs also seek discovery of the Internal Affairs investigation of the incident ("IA Report") subject to a protective order. Although Defendants assert that Plaintiffs' failure to allege a conspiracy prevents discovery of this information,[11] Plaintiffs' theory of the case involves Defendants' deliberate indifference, and a confrontation between Ager and a correctional officer would be relevant to that claim. As Plaintiffs have argued, information contained in the IA Report is relevant to whether Defendants were on notice that Ager was at risk. Defendants shall produce the IA Report subject to the stipulated protective order.[12]

### C. Beaver's Profile in the Incident Package and C-Files for Inmates Aragon, Gadson, and Beaver

Plaintiffs seek Beaver's "profile," which Plaintiffs contend should have been included in the incident package from the homicide of Ager by Beaver.[13] Defendants assert that they have

---

[10] *See* Docket No. 71.

[11] *See* Docket No. 64.

[12] *See* Docket No. 31.

[13] *See* Docket No. 70.

3
Case No.: 11-6642 EJD (PSG)
ORDER

produced the entire incident package and that the Beaver profile does not exist.[14] Defendants shall produce the profile if they have it.

Plaintiffs also seek categories of information from the central files ("C-Files") for inmates Aragon, Gadson, and Beaver.[15] Defendants argue on behalf of the third parties on whom the subpoenas have been served that these requests are vague, overbroad, unduly burdensome, and that the information is subject to the privacy protection of the California and U.S. Constitutions and by the official information privilege.[16]

The court agrees that the C-files of Aragon, Gadson, and Beaver are relevant to the issue of deliberate indifference. Plaintiffs' theory is that the inmates' history of violence and rule violations showed that Defendants knew the inmates were dangerous. Defendants are therefore ordered to produce the C-files of the inmates.

**D. Phone Records of Dan Ager**

Defendants seek the records of telephone conversations between Daniel Ager and Salinas Valley State Prison staff and officials regarding his father, Alan Ager, during the time his father was housed there. Plaintiffs have agreed to produce these documents, subject to the limitation that they are able to make redactions of any private information unrelated to the case. Plaintiffs shall produce these documents and make the necessary redactions, tracking any redactions in an accompanying log.

**E. Conclusion**

No later than February 26, 2013, Defendants shall produce the following, consistent with this order: supplementary responses to Interrogatory I; the IA Report regarding the incident

---

[14] *See* Docket No. 71.

[15] *See* Docket No. 70.

[16] *See* Docket No. 71.

4
Case No.: 11-6642 EJD (PSG)
ORDER

between Officer Mejia and Ager on April 28, 2009, subject to the stipulated protective order; the Beaver profile in the incident package, if it exists; and the C-files for inmates Aragon, Gadson, and Beaver. By this same date, Plaintiffs shall produce redacted telephone records between Daniel Ager and Salinas Valley State Prison staff and officials during the time Alan Ager was housed there.

**IT IS SO ORDERED.**

Dated: February 13, 2013

PAUL S. GREWAL
United States Magistrate Judge