1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL AGER, individually and as a Successor in Interest to the ESTATE OF ALAN AGER, KATHRYN AGER and ELIZABETH AGER,<br><br>    Plaintiffs,<br><br> v.<br><br>ANTHONY HEDGEPATH, et al.,<br><br>    Defendants. | Case No.: 5:11-CV-06642-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MODIFYING THE SCHEDULING ORDER**<br><br>**[Re: Docket No. 92]** |

Presently before the court is Plaintiffs Daniel Ager, Elizabeth Ager, and Kathryn Ager's (collectively, "Plaintiffs") Motion for Leave to File Third Amended Complaint. See Dkt. No. 92. Defendants Anthony Hedgepath, Belinda Hendrick, and D. Spencer's (collectively, "Defendants") oppose the motion. See Dkt. No. 93. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing currently set for April 26, 2013. Having fully reviewed the parties' briefing, and for the foregoing reasons, the court GRANTS Plaintiffs' Motion.

## I.    BACKGROUND

Plaintiffs filed this lawsuit pursuing claims arising under 42 U.S.C. § 1983 on behalf of themselves and their deceased father Dr. Alan Ager. Dkt. No. 1. Plaintiffs' complaint alleges that Defendants violated Plaintiffs' rights when they failed to take reasonable steps to protect Dr. Ager from an obvious risk of attack from his cellmate. Dr. Ager was ultimately strangled to death by

1

Case No.: 5:11-CV-06642-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED
COMPLAINT AND MODIFYING THE SCHEDULING ORDER

United States District Court
For the Northern District of California

1   this cellmate.  Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

2   Dkt. No. 17.  The court granted-in-part and denied-in-part Defendants' motion to dismiss on

3   August 24, 2012 and granted leave to amend the complaint within the next thirty days to correct the

4   infirmities the court had identified.  Dkt. No. 32.

5       Also on August 24, 2012, the court issued its Case Management Order, which included an

6   order "that the deadline for joinder of any additional parties, or other amendments to the pleadings,

7   is October 30, 2012."  Dkt. No. 33.  Plaintiffs filed a First Amended Complaint on September 24,

8   2012, adding defendants Arlene Solis, Robert Burgh, Benjamin Bloch, D. Garcia, Antonella

9   Aluzri, and J. Martin. Dkt. No. 35.  Less than two weeks later, on October 5, 2012, Plaintiffs filed a

10  Second Amended Complaint adding Carl Warfield as an additional defendant.  Dkt. No. 37.  On

11  January 31, 2013, the court struck Plaintiffs' Second Amended Complaint because Plaintiffs had

12  not filed the appropriate motion under Federal Rule of Civil Procedure 15 seeking leave to file their

13  amended complaint.  See Dkt. No. 69.  Then, on March 14, 2013, the court granted Plaintiffs'

14  Motion to Modify the Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4), which, inter alia,

15  extended the deadline to file for leave to file an amended complaint from October 30, 2012 to

16  March 30, 2013. Dkt. No. 90.  On March 28, 2013, Plaintiffs filed the instant motion seeking leave

17  to file a Third Amended Complaint, which would add Robert Burgh as a named defendant and

18  remove D. Spencer as a named defendant.  The court now turns to the substance of that motion.

19  **II.      Legal Standard**

20      Leave to amend is generally granted with liberality.  Fed. R. Civ. P. 15(a)(2) ("The court

21  should freely give leave when justice so requires"); Morongo Band of Mission Indians v.

22  Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave need not be granted, however, where the

23  amendment of the complaint would cause the opposing party undue prejudice, is sought in bad

24  faith, constitutes an exercise in futility, or creates undue delay.  Foman v. Davis, 371 U.S. 178, 182

25  (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  Not all of the Rule 15

26  considerations are created equal; "it is the consideration of prejudice to the opposing party that

27  carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th

28
2

1  Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re

2  Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD

3  Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

4  **I.      Discussion**

5          The court begins with an examination of prejudice because it is the critical factor in

6  deciding a motion for leave to amend.  Defendants argue that a grant of leave to amend would

7  unduly prejudice them by further delaying the proceedings in order to allow the newly added

8  defendant, Mr. Burgh, to conduct discovery and file a dispositive motion.  The court is not

9  persuaded by this argument.  Defendants had notice that Plaintiffs intended to join Mr. Burgh as

10  early as September 24, 2012, when Plaintiffs filed their First Amended Complaint adding Mr.

11  Burgh as a defendant.  Though the court struck Plaintiffs' amended complaint, it did so not because

12  Mr. Burgh was an improper defendant, but only because Plaintiffs had failed to follow the proper

13  procedure.  Thus Defendants had no basis on which to infer that the court would prohibit Plaintiffs'

14  joining Mr. Burgh to this lawsuit through any properly filed motion.  Mr. Burgh is represented by

15  the Attorney General's office, which has been involved in this case since the outset and has already

16  produced Mr. Burgh for deposition with full knowledge that he was a possible defendant.

17  Furthermore, the delay Defendants complain of is of limited duration—Defendants seek only a

18  sixty-day extension of the remaining deadlines in order to allow Mr. Burgh to conduct discovery

19  and file any motions.  Under these circumstances, such delay, without more, is insufficient to

20  create prejudice.

21          The court also finds that Plaintiffs did not unduly delay in seeking leave to add Mr. Burgh

22  as a defendant.  As discussed above, Plaintiffs first attempted, albeit improperly, to add Mr. Burgh

23  to this lawsuit in September 2012—well within the original deadline for joinder of additional

24  parties.  Thereafter, Plaintiffs sought and were granted both an order compelling Mr. Burgh's

25  deposition and an extension to the scheduling order to accommodate a delay in discovery caused

26  by a settlement conference.  Plaintiffs filed the instant motion before the amended deadline set by

27  the court.  Accordingly, Plaintiffs have acted in a timely manner.

28

Case No.: 5:11-CV-06642-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED
COMPLAINT AND MODIFYING THE SCHEDULING ORDER

*United States District Court*
For the Northern District of California

The interests of justice further support a grant of Plaintiffs' motion. Plaintiffs have learned through discovery that Mr. Burgh may have played an integral role in Mr. Ager's housing assignment. Moreover, Plaintiffs have determined that D. Spencer may not have had a level of involvement in the circumstances surrounding Mr. Ager's death sufficient to warrant his status as a defendant in this lawsuit. Because Plaintiffs reached these conclusions and sought leave to amend their complaint accordingly before the revised joinder deadline, the interests of justice certainly compel the court to allow Plaintiffs' amendment.

**II.     Order**

Based on the foregoing:

1.  Plaintiffs Motion for Leave to File Third Amended Complaint is GRANTED. Plaintiffs shall file their Third Amended Complaint, amended in a manner consistent with this Order, as a separate docket entry on PACER/ECF no later than April 30, 2013.

2.  Plaintiffs are advised that leave is granted only as to the proposed amendments identified in this Order. The addition of any claims or other allegations inconsistent with this Order may result in such material being stricken.

3.  The court's scheduling order shall be modified as follows:

    a.  Fact Discovery Cutoff (limited to issues raised by the joinder of Mr. Burgh to this action): From May 31, 2013 to July 31, 2013;

    b.  Filing of Dispositive Motions: From May 3, 2013 to July 2, 2013;

    c.  Preliminary Pretrial Conference: From July 12, 2013 at 11:00 a.m. to September 13, 2013 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: April 23, 2013

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-06642-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED
COMPLAINT AND MODIFYING THE SCHEDULING ORDER

United States District Court
For the Northern District of California